UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

EVA ALCOUTER SOTO, and
GABRIEL FLORES

      Plaintiffs,

  v.

UNITED STATES OF AMERICA, and
PHILLIP ROSS, M.D.,

      Defendants.

NO. CIV. S-07-00866 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

    This matter comes before the court on defendant United States of America's ("United States") motion to dismiss plaintiffs Eva Alcouter Soto ("Soto") and Gabriel Flores' ("Flores") (collectively, "plaintiffs") complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for failure to exhaust the administrative complaint requirement of the Federal Tort Claims Act ("FTCA").  Plaintiffs oppose the motion and alternatively, ask the court to dismiss the complaint without

prejudice and allow them to file an amended complaint after the administrative complaint requirement has been fulfilled.  For the reasons set forth below,[1] defendant's motion to dismiss plaintiff's complaint is GRANTED.

## BACKGROUND

Plaintiff filed this action against defendants Saadia Kahn, M.D., and Community Medical Center, Inc. ("CMC") in the Superior Court for the County of San Joaquin, alleging negligence based upon medical malpractice.  (Pls.' Compl., Ex. A to Notice of Removal [Docket #1], filed May 7, 2007).  Defendant CMC is a grantee of the Department of Health and Humans Services ("DHSS"), an agency of the United States, and defendant Kahn is an employee of CMC.  (Notice of Removal [Docket #1], filed May 7, 2007, ¶¶ 3(c)-(d)).  Pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n), defendant CMC and its employees are covered under the FTCA.  (Id. ¶ 3(e)).  To the extent plaintiffs seek damages from these defendants, it seeks damages from the United States.  (Id. ¶ 3(f)).  On May 7, 2007, the United States removed the action to this court and substituted itself as a party in place of defendant CMC and defendant Kahn.  (Id.; Notice of Substitution [Docket #3], filed May 7, 2007).

Plaintiffs contend that at the time they filed this action in state court, they were unaware that defendant CMC received federal funding or that defendant Kahn was deemed a federal

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

employee.  On June 22, 2007, plaintiffs filed Standard Form 95, Claim for Damage, Injury, or Death, with DHHS for injuries which are the subject of this action.  (Decl. of Jessie H. Serna in Opp'n to Def.'s Mot. to Dismiss, filed Aug. 17, 2007, ¶ 6). Plaintiffs' counsel is currently awaiting an answer from DHHS on plaintiffs' claims.  (Id. ¶ 7).

**STANDARD**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to attack a pleading for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  The court presumes a lack of subject matter jurisdiction until it is proved otherwise.  See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).  The plaintiff bears the burden of proof that jurisdiction exists.  See Stock West, Inc., 873 F.2d at 1225. The nature of the burden depends on the type of jurisdictional challenge.  A complaint will be dismissed for lack of subject matter jurisdiction if (1) the cause does not "arise under" any federal law or the United States Constitution, (2) there is no case or controversy within the meaning of that constitutional term, or (3) the cause is not one described by any jurisdictional statute.  Baker v. Carr, 369 U.S. 186, 198 (1962).

**ANALYSIS**

Defendant United States moves to dismiss plaintiff's claims for failure to comply with the administrative claim requirement of the FTCA.  The FTCA provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the

3

1 2 3 4 5 6
>   negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.* The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (West 2007) (emphasis added). This claim requirement is jurisdictional in nature and cannot be waived. Caldwater v. United States, 45 F.3d 297, 300 (9th Cir. 1995) (citing Jerved v. United States, 966 F.2d 517, 518 (9th Cir. 1992).

Plaintiffs do not dispute that the FTCA applies to their claims or that they must comply with the administrative claim requirement set forth in the FTCA. Nor do plaintiffs dispute that they had not filed an administrative claim prior to commencing this action. Rather, plaintiffs contend that the court should grant "some relief" from "this rather harsh rule" barring claimants from bringing suit until they have exhausted their administrative remedies.

Plaintiffs cite two out-of-Circuit cases in support of their contention, neither of which are applicable or persuasive. In Duplan v. Harper, the Tenth Circuit stated that as a general rule, a complaint filed before administrative remedies were exhausted could not be cured by an amended complaint. 188 F.3d 1195, 1199 (10th Cir. 1999). Citing a case from the Eastern District of California, Sparrow v. U.S. Postal Serv., 825 F. Supp. 252 (E.D. Cal. 1993), the Duplan court reasoned that to hold otherwise "would render the exhaustion requirement

4

meaningless and impose an unnecessary burden on the judicial system." Id.  However, the court ultimately held that the claim filing requirement of the FTCA had been fulfilled because the government expressly agreed "that the amended complaint effectively constituted a new action and agreed to administrative closure of the first action pending exhaustion." Id.  The government has made no such express agreement in this case.  As such, the court's holding in Duplan is inapplicable.

   Plaintiffs also cite to the district court's decision in Filasky v. United States, 776 F. Supp. 115 (E.D.N.Y. 1991).  In Filasky, the court dismissed plaintiff's claim without prejudice for failure to exhaust administrative remedies.  The court noted that plaintiff may serve an amended complaint "and thereby restore the action."  However, the court provided no reasoning or rationale for its direction that exhaustion could be cured by filing an amended complaint.  Moreover, the issue before the court in Filasky was whether an action must be dismissed for failure to exhaust administrative remedies under the FTCA, aS question that was answered in the affirmative.  As such the court does not find the court's statements in Filasky persuasive.

   Plaintiffs have failed to exhaust their administrative remedies as required by the FTCA.  This requirement is jurisdictional in nature and must be fulfilled prior to the institution of an action.  See 28 U.S.C. § 2675(a); Sparrow, 825 F. Supp. at 254.  As such this court lacks subject matter jurisdiction over the present action, which was commenced before the exhaustion requirement was satisfied.

**CONCLUSION**

For the foregoing reasons, defendant United States' motion to dismiss plaintiffs' complaint is GRANTED without prejudice on the ground of lack of subject matter jurisdiction under 18 U.S.C. § 2675(a).

IT IS SO ORDERED.

DATED: September 6, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE